# IN THE UNITED STATES DISTRICT COURT
# FOR THE WESTERN DISTRICT OF TEXAS
# AUSTIN DIVISION

| | | |
|---|---|---|
| ERIK FLOURNOY,<br>　　*Plaintiff* <br><br>v.<br><br>OMNI HOTELS MANAGEMENT<br>CORPORATION AND TRT<br>HOLDINGS, INC.,<br>　　*Defendants* | §<br>§<br>§<br>§<br>§<br>§<br>§<br>§<br>§ | Case No. 1:19-CV-1128-RP |

## REPORT AND RECOMMENDATION
## OF THE UNITED STATES MAGISTRATE JUDGE

**TO:   THE HONORABLE ROBERT PITMAN**
**　　　UNITED STATES DISTRICT JUDGE**

Before the Court are Defendants' Motion to Dismiss, filed on March 11, 2020 (Dkt. 7); Plaintiff's Response, filed on April 8, 2020 (Dkt. 20); and Defendants' Reply, filed on April 15, 2020 (Dkt. 21). The District Court referred the motion and related filings to the undersigned Magistrate Judge for Report and Recommendation, pursuant to 28 U.S.C. § 636(b)(1)(B), Federal Rule of Civil Procedure 72, and Rule 1(d) of Appendix C of the Local Rules of the United States District Court for the Western District of Texas.

## I.   Background

Plaintiff Erik Flournoy stayed at the Omni Downtown Austin Hotel from June 19 to June 21, 2019, while attending a business conference. Dkt. 1 ¶ 14. Flournoy is an African American man with dreadlocks. *Id.* ¶ 11. Flournoy alleges that on June 19, 2019, while sitting in the hotel bar, Omni employees approached him and asked whether he was a guest at the hotel. *Id.* ¶¶ 16-19. When Flournoy asked Omni employees why he was singled out, reasons they gave included that patrons were not able "to sit at the bar and have water, to someone having made a complaint about

1

him, to the bartender stating Plaintiff had nowhere to stay that night." *Id.* ¶ 20. Flournoy later learned that another conference attendee, "a dark-skinned female, was also asked if she was staying on the property and to provide her last name and room number for no other reason other than her race." *Id.* ¶ 25. The next morning, Omni's Director of Rooms told Flournoy that a couple Flournoy had joined for a drink the night before had complained that he was harassing them and called the police. *Id.* ¶ 27. The couple later told Flournoy that they had not complained about him or called the police. *Id.* ¶ 34.

Flournoy contends that Omni's actions "were solely due to the color of his skin and his appearance (dreadlocks) and had nothing to do with any legitimate business reason as other non-African American similarly situated individuals were not treated in the same manner." *Id.* ¶ 29. On November 20, 2019, Flournoy filed suit against Defendants Omni Hotels Management Corporation and TRT Holdings, Inc. (collectively, "Omni"), alleging civil rights violations under 42 U.S.C. § 1981 and Title II of the Civil Rights Act of 1964, 42 U.S.C. § 2000a-2000(a)(6). Dkt. 1 ¶¶ 35-40.

On March 11, 2020, Omni filed this Motion to Dismiss under Federal Rule of Civil Procedure 12(b)(1), arguing that the Court lacks subject matter jurisdiction to review Plaintiff's claims. In the alternative, Omni argues that Flournoy fails to state a claim on which relief may be granted under Federal Rule of Civil Procedure 12(b)(6).

## II.  Legal Standards

### A.  Subject Matter Jurisdiction

Rule 12(b)(1) allows a party to move to dismiss an action for lack of subject matter jurisdiction. Federal district courts are courts of limited jurisdiction and may only exercise jurisdiction expressly conferred by the Constitution and federal statutes. *Kokkonen v. Guardian Life Ins. Co.*

*of Am.*, 511 U.S. 375, 377 (1994). A federal court has subject matter jurisdiction over civil cases "arising under the Constitution, laws, or treaties of the United States," and over civil cases in which the amount in controversy exceeds $75,000, exclusive of interest and costs, and in which diversity of citizenship exists between the parties. 28 U.S.C. §§ 1331, 1332. Dismissal for lack of subject matter jurisdiction is warranted when "it appears certain that the plaintiff cannot prove any set of facts in support of his claim that would entitle plaintiff to relief." *Gilbert v. Donahoe*, 751 F.3d 303, 307 (5th Cir. 2014) (quoting *Ramming v. United States*, 281 F.3d 158, 161 (5th Cir. 2001)). "Lack of subject matter jurisdiction may be found in any one of three instances: (1) the complaint alone; (2) the complaint supplemented by undisputed facts evidenced in the record; or (3) the complaint supplemented by undisputed facts plus the court's resolution of disputed facts." *Ramming*, 281 F.3d at 161.

Standing is a component of subject matter jurisdiction properly raised by a motion to dismiss under Rule 12(b)(1). *See Cobb v. Cent. States*, 461 F.3d 632, 635 (5th Cir. 2006); *Lee v. Verizon Commc'ns, Inc.*, 837 F.3d 523, 534 (5th Cir. 2016). "Federal courts have no jurisdiction unless a case or controversy is presented by a party with standing to litigate." *De Leon v. Perry*, 975 F. Supp. 2d 632, 645 (W.D. Tex. 2014), *aff'd sub nom. De Leon v. Abbott*, 791 F.3d 619 (5th Cir. 2015). The requirement of standing has three elements: (1) injury in fact, (2) causation, and (3) redressability. *Bennett v. Spear*, 520 U.S. 154, 167 (1997). The injury cannot be merely "conjectural or hypothetical." *Summers v. Earth Island Inst.*, 555 U.S. 488, 493 (2009). Causation requires that the injury "fairly can be traced to the challenged action of the defendant," rather than to "the independent action of some third party not before the court." *Simon v. E. Ky. Welfare Rights Org.*, 426 U.S. 26, 41-42 (1976). Redressability requires that it is likely, "as opposed to merely 'speculative,' that the injury will be 'redressed by a favorable decision.'" *Lujan v. Defs. of Wildlife*,

504 U.S. 555, 561 (1992) (quoting *Simon*, 426 U.S. at 38, 43). The party invoking federal subject matter jurisdiction bears the burden of establishing each element. *Ramming*, 281 F.3d at 161.

### B. Failure to State a Claim

Rule 12(b)(6) allows a party to move to dismiss an action for failure to state a claim on which relief can be granted. In deciding a Rule 12(b)(6) motion to dismiss for failure to state a claim, "[t]he court accepts all well-pleaded facts as true, viewing them in the light most favorable to the plaintiff." *In re Katrina Canal Breaches Litig.*, 495 F.3d 191, 205 (5th Cir. 2007) (internal quotation marks omitted). The Supreme Court has explained that a complaint must contain sufficient factual matter to state a claim to relief that is plausible on its face. *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (quoting *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 570 (2007)). "A claim has facial plausibility when the [nonmovant] pleads factual content that allows the court to draw the reasonable inference that the [movant] is liable for the misconduct alleged." *Id*.

> While a complaint attacked by a Rule 12(b)(6) motion to dismiss does not need detailed factual allegations, a plaintiff's obligation to provide the grounds of his entitlement to relief requires more than labels and conclusions, and a formulaic recitation of the elements of a cause of action will not do. Factual allegations must be enough to raise a right to relief above the speculative level, on the assumption that all the allegations in the complaint are true (even if doubtful in fact).

*Twombly*, 550 U.S. at 555 (cleaned up). The court's review is limited to the complaint, any documents attached to the complaint, and any documents attached to the motion to dismiss that are central to the claim and referenced in the complaint. *Lone Star Fund V (U.S.), L.P. v. Barclays Bank PLC*, 594 F.3d 383, 387 (5th Cir. 2010).

### III.  Analysis

As noted, Flournoy asserts a claim under Title II, which prohibits discrimination in places of public accommodation. Flournoy argues that Omni violated Title II by racially discriminating against him by failing to provide him "the full and equal enjoyment of the goods, services,

4

facilities, privileges, advantages, and accommodations of any place of public accommodation." Dkt. 1 at ¶ 39. Flournoy also alleges that Omni's actions violated § 1981 by failing to provide him with "the full and equal benefit of all laws and proceedings for the security of persons and property as is enjoyed by white citizens." *Id.* ¶ 36

Omni argues that Flournoy's lawsuit should be dismissed for lack of jurisdiction or, in the alternative, failure to state a claim. Courts generally consider jurisdictional attacks before addressing other grounds for dismissal. *Ramming*, 281 F.3d at 161. Accordingly, the Court addresses Omni's jurisdictional arguments first.

### A. Jurisdiction

Omni argues that the Court lacks jurisdiction to review Flournoy's claims. First, Omni contends that Flournoy failed to comply with Title II's notice requirement before filing suit. Second, Omni submits that Flournoy lacks standing because he has not pled a claim for injunctive relief, but Title II's exclusive remedy provision limits his remedies under both Title II and § 1981 to such relief.

#### 1. Title II's Notice Requirement

Omni argues that both of Flournoy's claims should be dismissed because he has failed to meet the notice requirement in 42 U.S.C. § 2000a-3(c). That section provides:

> In the case of an alleged act or practice prohibited by this subchapter which occurs in a State, or political subdivision of a State, which has a State or local law prohibiting such act or practice and establishing or authorizing a State or local authority to grant or seek relief from such practice or to institute criminal proceedings with respect thereto upon receiving notice thereof, no civil action may be brought under subsection (a) before the expiration of thirty days after written notice of such alleged act or practice has been given to the appropriate State or local authority by registered mail or in person, provided that the court may stay proceedings in such civil action pending the termination of State or local enforcement proceedings.

5

Omni contends that, under § 2000a-3(c), when a state or local law permits a local authority to investigate alleged discrimination, a plaintiff must notify that authority before filing suit for a violation of the public accommodation laws. Dkt. 7 at 4. Omni claims that under Title 5, Chapter 2 of the Austin, Texas Municipal Code, "the City of Austin has authority to investigate discrimination in public accommodations, such as hotels and bars." *Id.* (citing AUSTIN, TEX. MUN. CODE §§ 5-2-1; 5-2-4 (2020)). Because the City of Austin has enforcement power and may take action to prevent unlawful public accommodation practice, Omni submits, Flournoy was required to notify the City of his complaint before filing suit. Omni contends that a person must comply with the notice requirement within 180 days after the violation, but Flournoy failed to do so.

Flournoy disagrees, arguing that § 1981 claims do not require exhaustion of administrative remedies. Dkt. 20 at 9-12. Flournoy acknowledges that Title II includes a notice requirement, but contends that the Austin ordinance does not trigger Title II's notice requirement because it provides neither meaningful relief nor the prospect of an injunction or criminal proceeding against Omni. *Id.* at 5, 12-13. In reply, Omni contends that the Austin ordinance does have a meaningful enforcement mechanism, providing that the City can investigate, prosecute, or dismiss any charge of discrimination. Dkt. 21 at 4.

Section 1981 does not require exhaustion of administrative remedies. *O'Neal v. Cargill, Inc.*, 178 F. Supp. 3d 408, 420 (E.D. La. 2016) (citing *Chen v. Ochsner Clinic Found.*, 630 F. App'x 218, 227 (5th Cir. 2015)); *see also Williams v. CSX Transp. Co.*, 643 F.3d 502, 511 n.3 (6th Cir. 2011) (stating that § 1981 "does not require the exhaustion of administrative remedies"); *Taylor v. Seton-Brackenridge Hosp.*, A-06-CA-730-LY, 2008 WL 11414558, at *3 (W.D. Tex. Nov. 12, 2008) (noting that § 1981 "does not share Title VII's administrative exhaustion requirements"), *report and recommendation adopted*, 2008 WL 11414553 (W.D. Tex. Dec. 1, 2008), *aff'd*, 349

F. App'x 874 (5th Cir. 2009). Accordingly, Flournoy's § 1981 claim is not subject to dismissal for failure to exhaust.

Because the Court recommends dismissal of the Title II claim on the alternative basis described below, the Court need not consider whether that claim is barred for failure to exhaust.

### 2. Remedies

Omni argues that although Flournoy has brought claims under Title II and § 1981, "Plaintiff's pleading clearly establishes that the relief sought is associated with his right to access a public accommodation. Accordingly, the rights, remedies, and requirements of all of Plaintiff's claims are subject to those provided for under 42 U.S.C. §§ 2000a-2000a-6 [Title II]." Dkt. 7 at 5 (citation omitted). Omni contends that because a plaintiff's remedies under Title II are limited to injunctive relief, Flournoy's remedies under § 1981 also should be limited to injunctive relief. As previously stated, Omni argues that Flournoy has failed to plead a claim for injunctive relief, and, therefore, the Court lacks jurisdiction. *Id.* Omni also argues that any claim for injunctive relief would fail because Flournoy has failed to plead any facts showing a "a real and immediate threat of repeated injury." Dkt. 21 at 3.

#### a. Remedies under Section 1981

Omni is correct that the exclusive remedy provision contained in 42 U.S.C. § 2000a-6 limits relief under Title II to injunctive and declaratory relief. *See* 42 U.S.C. § 2000a-6 ("The remedies provided in this subchapter shall be the exclusive means of enforcing the rights based on this subchapter . . . ."); *see also Adickes v. S. H. Kress & Co.*, 398 U.S. 144, 152 n.5 (1970) ("Congress deliberately provided no damages remedy in the Public Accommodations Act itself, and § 207(b) provides that the injunction remedy of § 206 was the 'exclusive means of enforcing the rights based on this title.'"); *United States v. Johnson*, 390 U.S. 563, 567 (1968) (noting that "the

7

exclusive-remedy provision of § 207(b) was inserted only to make clear that the substantive rights to public accommodation defined in § 201 and § 202 are to be enforced exclusively by injunction"). This provision, however, does not apply to Flournoy's § 1981 claim. Section 2000a-6 clearly and unambiguously states that the exclusive remedy provision does not apply to other civil rights statutes:

> The remedies provided in this subchapter shall be the exclusive means of enforcing the rights based on this subchapter, but nothing in this subchapter shall preclude any individual or any State or local agency from asserting any right based on any other Federal or State law not inconsistent with this subchapter, including any statute or ordinance requiring nondiscrimination in public establishments or accommodations, or from pursuing any remedy, civil or criminal, which may be available for the vindication or enforcement of such right.

Flournoy's separate civil rights claim under § 1981 is "an independent cause of action within an independent statutory scheme." *Id.* Unlike Title II, § 1981 does not contain a limitation of damages provision. "An individual who establishes a cause of action under § 1981 is entitled to both equitable and legal relief, including compensatory and, under certain circumstances, punitive damages." *Johnson v. Ry. Express Agency*, 421 U.S. 454, 460 (1975). Title II's exclusive remedy provision does not preclude Flournoy's § 1981 claim. *See, e.g.*, *Watson v. Fraternal Order of Eagles*, 915 F.2d 235, 237 (6th Cir. 1990) (holding that § 2000a(e) did not foreclose plaintiff's independent action under § 1981); *Anderson v. Pass Christian Isles Golf Club, Inc.*, 488 F.2d 855, 856-58 (5th Cir. 1974) (permitting plaintiff to seek both injunctive relief and monetary damages under § 1981). Based on the foregoing, Omni's argument that Title II's exclusive remedy provision applies to Flournoy's § 1981 claim is not persuasive.

### b. Remedies under Title II

Omni argues that "a Plaintiff must show a real and immediate threat of repeated injury to establish he has standing to bring a claim under Section 2000a." Dkt. 7 at 6. Omni argues that Flournoy lacks standing because he has neither pled a claim for injunctive relief nor shown a real and immediate threat of repeated injury.

The Court agrees that Flournoy lacks standing for his Title II claim because he has not adequately pled a claim for injunctive relief. A required element of standing is redressability. *Bennett*, 520 U.S. at 167. Redressability requires a finding that a plaintiff's injury will be redressed by a favorable decision. *Lujan*, 504 U.S. at 561. As noted above, the only potential remedy for a Title II claim is an injunction. *Adickes*, 398 U.S. at 150 n.5; *Johnson*, 390 U.S. at 567. A plaintiff who is unable to show a likelihood that he will be subjected to a similar violation in the future lacks standing to sue for injunctive and declaratory relief. *Armstrong v. Turner Indus., Inc.*, 141 F.3d 554, 563 (5th Cir. 1998).

Flournoy has alleged only a past injury, not the possibility of any future injury by Omni. Evidence of a past, single discriminatory event is not sufficient for injunctive relief. *See McLaurin v. Waffle House, Inc.*, 178 F. Supp. 3d 536, 553 (S.D. Tex. 2016) ("Because plaintiffs have neither argued nor presented any evidence capable of showing either that they are likely to suffer future injury by the defendant, or that the sought-after relief will prevent that future injury, defendant is entitled to summary judgment on its Title II claims."). Accordingly, Omni's Motion to Dismiss the Title II claim for lack of standing should be granted.

### B. Failure to State a Claim

Omni argues that Flournoy has failed to state a claim because he has not established an intentional act of discrimination necessary to support his § 1981 claims or distinguished the

9

individual actions of each Defendant. Dkt. 7 at 8, 9. Because the undersigned recommends dismissal of Flournoy's Title II claim, this argument is addressed only as to his § 1983 claim.

### 1. Failure to Establish an Intentional Act of Discrimination

Omni argues that Flournoy's Complaint contains bare recitations of legal elements and is insufficient to raise a plausible claim to relief. Flournoy contends that his Complaint alleges specific facts that demonstrate that Omni employees barred him from the enjoyment of all of the benefits and privileges of his contract. Dkt. 20 at 13.

To plead a § 1981 claim, Flournoy must allege that (1) he is a member of a racial minority; (2) Omni acted with an intent to discriminate on the basis of race; and (3) the discrimination concerns one or more of the activities enumerated in § 1981. *Green v. State Bar of Tex.*, 27 F.3d 1083, 1086 (5th Cir. 1994). Activities enumerated in the statute include "the making, performance, modification, and termination of contracts, and the enjoyment of all benefits, privileges, terms, and conditions of the contractual relationship." *Dunaway v. Cowboys Nightlife, Inc.*, 436 Fed. App'x 386, 390 (5th Cir. 2011).

Omni contends that Flournoy failed to identify the contract at issue or the parties to the contract to support his § 1981 claim. Dkt. 7 at 8. Omni also points out that Flournoy was not required to leave the bar on the relevant evening and stayed at the hotel for the rest of his conference. *Id.* at 9-10. Furthermore, Omni contends that Flournoy failed to establish an intentional act of discrimination necessary to support his § 1981 claim. *Id.* at 9. Omni argues that hotel staff did not intentionally discriminate against Flournoy; rather, "by Plaintiff's own pleading, there is legitimacy to the hotel staff asking whether he was a guest of the hotel as other guests in the bar were complaining about him, including a woman he identified as Amanda." *Id.*

Flournoy argues that the hotel staff's intentional discrimination interfered with his ability to enjoy all the privileges and benefits of his contract with Omni because Omni required him to provide his name and room number as a condition to remaining at the bar. Flournoy argues that "imposing an additional condition upon minority customers that is not imposed upon non-minority customers states a section 1981 claim for discrimination concerning the making and enforcing of contracts." Dkt. 20 at 16.

Flournoy has pled sufficient facts to establish a plausible § 1981 violation. Flournoy, as an African American man, is a member of a racial minority. Flournoy identified the contract at issue—his "contract to stay at the Omni Downtown Austin hotel on June 19, 2019." Dkt. 20 at 13. Flournoy alleges that he was singled out and harassed by Omni employees when no similarly situated white hotel guest received the same treatment. Dkt. 1 ¶¶ 29, 30; Dkt. 20 at 13-14, 16. Flournoy's allegations create a plausible inference that the treatment was based on race, color, or national origin, and was thus an act of intentional discrimination. *See Body by Cook, Inc. v. State Farm Mut. Auto. Ins.*, 869 F.3d 381, 386 (5th Cir. 2017) ("An allegation that similarly situated non-minorities received better treatment could create the necessary inference and set the predicate for establishing the section 1981 claim.") (quotation omitted).

Finally, Flournoy alleges that, by imposing a different condition on him to stay in the hotel bar, Omni interfered with his ability to enjoy all of the privileges and benefits of his contract. When a member of a racial minority is treated differently than non-minority comparators in his access and enjoyment of contractual benefits, even if he eventually obtains those benefits, an inference arises that his constitutional right to make and enforce contracts was violated. *See Madison v. Courtney*, 365 F. Supp. 3d 768, 771-73 (N.D. Tex. 2019) (denying summary judgment for defendant where plaintiff presented facts supporting that he was denied the full benefits of the

relevant contractual relationship while all of his white counterparts were afforded the full benefits of the relevant contractual relationship); *McLaurin*, 178 F. Supp. 3d at 546-47 (holding that plaintiffs adequately pled a prima facie case where evidence showed services they received differed from services a similarly situated group of non-African American customers received); *cf. Verandah Salon, Inc. v. Crow-Brighton No. 18, Ltd.*, No. 3:02-CV-1549-K, 2003 WL 22838717, at *6 (N.D. Tex. Oct. 28, 2003), *aff'd*, 115 F. App'x 305 (5th Cir. 2004) (granting summary judgment for defendant on a § 1981 claim when the record failed to support plaintiff's claim that similarly situated persons not in the protected class were treated differently than plaintiffs).

Assuming Flournoy's allegations are true, as the Court must, the facts pled are sufficient to plausibly state a claim under § 1981. Accordingly, Omni's motion to dismiss for failure to state a claim should be denied.

### 2. Failure to Distinguish Individual Actions of Each Defendant

Omni argues that Flournoy has failed to state a claim on which relief can be granted by failing to comply with Federal Rules of Civil Procedure 8 and 9. *See* Dkt. 7 at 7. Omni contends that "a Plaintiff must provide notice to the individual Defendants of the claims that are alleged against them on an individual basis," and a complaint that makes only generalized allegations as to all defendants globally should be dismissed. *Id.* Flournoy responds that, because Defendant TRT Holdings wholly owns Defendant Omni Hotels Management Corporation, the two entities are an integrated enterprise, and both may be held liable for their joint civil rights violations. Dkt. 20 at 14.

As Omni argues in reply, *see* Dkt. 21 at 9, the Fifth Circuit has recognized the integrated enterprise theory only in employment discrimination cases. While some cases involving the

integrated enterprise theory also include alleged § 1981 violations, the underlying facts of those cases relate to employment discrimination, and the plaintiffs sought relief under both Title VII and § 1981. *See, e.g., Johnson v. Crown Enters.*, 398 F.3d 339, 343-44 (5th Cir. 2005); *Turner v. Baylor Richardson Med. Ctr.*, 476 F.3d 337, 342-43 (5th Cir. 2007). Outside of the employment discrimination context, some courts in this circuit have interpreted Rule 8(a)(2) and 12(b)(6) to require a plaintiff to distinguish the actions of one defendant from the other. *See, e.g., Taylor v. IBM*, 54 F. App'x 794 (5th Cir. 2002); *Bellard v. JP Morgan Chase Bank, N.A.*, No. G-10-124, 2010 WL 1960079, at *2 (S.D. Tex. May 14, 2010); *Samples v. Harris Cnty.*, No. H-16-0829, 2016 WL 5105040, at *2 (S.D. Tex. Sept. 20, 2016).

Rule 8 does not prohibit "collectively referring to multiple defendants where the complaint alerts defendants that identical claims are asserted against each defendant." *Lasslett v. Tetra Tech, Inc.*, No. 2:13-CV-072-AM-CW, 2015 WL 13805125, at *3 (W.D. Tex. Feb. 20, 2015), *report and recommendation adopted*, 2015 WL 13805181 (W.D. Tex. Sept. 30, 2015). Flournoy alleges that both defendants are equally liable for all claims because both entities own and operate the Omni hotel involved in this suit. As explained above, Flournoy pled facts sufficient to plausibly establish that Omni employees violated § 1981. Accordingly, both Defendants are on notice as to the claims Flournoy asserts against them. Omni's motion to dismiss for failure to state a claim should be denied.

### C. Flournoy's Request for Leave to Amend

In his Response, Flournoy asks the Court to grant leave to amend his Complaint if the Court finds that the Complaint fails to state a claim. Dkt. 20 at 15 n.1, 16. Courts should grant leave to amend freely when justice so requires. FED. R. CIV. P. 15(a)(2). The language of the rule "evinces a bias in favor of granting leave to amend." *Lyn-Lea Travel Corp. v. Am. Airlines, Inc.*, 283 F.3d

282, 286 (5th Cir. 2002). Denial of leave to amend may be warranted for undue delay, bad faith or dilatory motive on the part of the movant, repeated failure to cure deficiencies, undue prejudice to the opposing party, or futility of a proposed amendment. *U.S. ex rel. Steury v. Cardinal Health, Inc.*, 625 F.3d 262, 270 (5th Cir. 2010). Absent such a substantial reason, "the discretion of the district court is not broad enough to permit denial." *Mayeaux v. La. Health Serv. & Indem. Co.*, 376 F.3d 420, 425 (5th Cir. 2004). Because no substantial reason for denial has been established, Flournoy's request for leave to amend should be granted.

## IV.  Recommendation

Based on the foregoing, the undersigned **RECOMMENDS** that the District Court **GRANT IN PART** and **DENY IN PART** Defendant's Motion to Dismiss (Dkt. 7). Defendants' Motion should be **GRANTED** as to Plaintiff's Title II claim for lack of subject matter jurisdiction and **DENIED** as to Plaintiff's § 1981 claim. The undersigned **FURTHER RECOMMENDS** that the District Court **GRANT** Plaintiff's request to amend his complaint.

**IT IS FURTHER ORDERED** that this case be removed from the Magistrate Court's docket and returned to the docket of the Honorable Robert Pitman.

## V.  Warnings

The parties may file objections to this Report and Recommendation. A party filing objections must specifically identify those findings or recommendations to which objections are being made. The District Court need not consider frivolous, conclusive, or general objections. *See Battle v. United States Parole Comm'n*, 834 F.2d 419, 421 (5th Cir. 1987). A party's failure to file written objections to the proposed findings and recommendations contained in this Report within fourteen (14) days after the party is served with a copy of the Report shall bar that party from de novo review by the District Court of the proposed findings and recommendations in the Report and,

except upon grounds of plain error, shall bar the party from appellate review of unobjected-to proposed factual findings and legal conclusions accepted by the District Court. *See* 28 U.S.C. § 636(b)(1)(c); *Thomas v. Arn*, 474 U.S. 140, 150-53 (1985); *Douglass v. United Servs. Auto. Ass'n*, 79 F.3d 1415, 1428-29 (5th Cir. 1996) (en banc).

**SIGNED** on September 21, 2020

SUSAN HIGHTOWER
UNITED STATES MAGISTRATE JUDGE